**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3087
_____

JOEY'S AUTO REPAIR & BODY SHOP; ON-PAR TURF,
Appellants

v.

FAYETTE COUNTY; ANGELA M. ZIMMERLINK; TERRY KRISS; DIANE KRISS
_____

On Appeal from the District Court
for the Western District of Pennsylvania
(D.C. No.: 2-18-cv-00087)
District Judge: Honorable Joy Flowers Conti
_____

Submitted Under Third Circuit LAR 34.1(a)
May 2, 2019
_____

Before: RESTREPO, PORTER, and FISHER, *Circuit Judges*.

(Filed August 29, 2019)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

**RESTREPO**, *Circuit Judge*.

Joey's Auto Repair & Body Shop and On-Par Turf ("Plaintiffs") appeal the District Court's dismissal with prejudice of their Fourteenth Amendment claims in equal protection (class of one) and substantive due process, and the claim of a § 1983 conspiracy to deny Plaintiffs' constitutional rights. They also appeal the District Court's denial of Plaintiffs' motion for leave to file a second amended complaint. For the reasons that follow, we will affirm.

## I.

Because we write primarily for the parties who are familiar with this case, we recite only the facts and history relevant to this appeal. The following facts, alleged by the Plaintiffs in their first amended complaint, are assumed to be true for our analysis.

Joseph Cellurale, Jr., owns Joey's Auto Repair & Body Shop and On-Par Turf, which both operate on the same property in Fayette County, Pennsylvania. Plaintiffs' property abuts the land of Terry and Diane Kriss ("the Krisses"). The Krisses are Defendants in this case, along with Fayette County ("the County") and County Commissioner Angela Zimmerlink (collectively "Defendants"). The Krisses and Plaintiffs have had several property disputes since 1995. *See Kriss v. Fayette Cnty.*, 504 F. App'x 182 (3d Cir. 2012). Most recently, Plaintiffs were cited by Fayette County for several zoning violations and had their zoning certificate for On-Par Turf revoked by the County. As a result, Plaintiffs were sent several cease-and-desist letters by the County.

Plaintiffs filed a complaint in federal court protesting these actions by the County. Defendants filed motions to dismiss, which were mooted when Plaintiffs filed a first

amended complaint. In their first amended complaint, Plaintiffs alleged that no zoning violations had existed. They allege that the County's actions stem from a close relationship between the Krisses and Commissioner Zimmerlink, who allegedly instructed the County to pursue zoning actions to deprive Plaintiffs of their property rights. In their complaint, Plaintiffs asserted claims for infringement of their constitutional rights to substantive due process and equal protection under the law, along with a § 1983 conspiracy to deny these rights to Plaintiffs.

Defendants filed renewed motions to dismiss in response to the amended complaint. To correct pleading defects, Plaintiffs sought leave to file a second amended complaint, which they attached to their motion. The District Court, however, granted the renewed motions to dismiss with prejudice, and denied leave to file a second amended complaint. Plaintiffs appealed, arguing that the District Court erred in granting Defendants' motions to dismiss and for denying their motion for leave to amend.

**II.**

The District Court had jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1983. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's dismissal of the claims pursuant to Fed. R. Civ. P. 12(b)(6). *Fleisher v. Standard Ins. Co.*, 679 F.3d 116, 120 (3d Cir. 2012).

In reviewing a motion to dismiss, we "accept all of the complaint's well-pleaded facts as true." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009). Any allegations that are "no more than conclusions" are not entitled to an assumption of truth. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (quoting *Ashcroft v.*

3

*Iqbal*, 556 U.S. 662, 679 (2009)). We then assess whether the alleged facts plausibly give rise to an entitlement to relief. *Iqbal*, 556 U.S. at 679. For the analysis below, we review Plaintiffs' claims as pleaded in their first amended complaint.

**A.**

To establish a "class of one" equal protection claim, Plaintiffs "must allege that (1) the defendant treated him differently from others similarly situated, (2) the defendant did so intentionally, and (3) there was no rational basis for the difference in treatment." *Hill v. Borough of Kutztown*, 455 F.3d 225, 239 (3d Cir. 2006). "Irrational and wholly arbitrary" demands on a property that differ from demands on similarly situated properties can be sufficient to plead a claim. *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 565 (2000). Nonetheless, this standard for an equal protection claim is "difficult" to meet in a zoning dispute. *Eichenlaub v. Twp. of Indiana*, 385 F.3d 274, 286 (3d Cir. 2004).

Plaintiffs failed to allege that there are other businesses "similarly situated" in their first amended complaint, which is required for an equal protection claim. *Startzell v. City of Philadelphia*, 533 F.3d 183, 203 (3d Cir. 2008) (quoting *Hill v. City of Scranton*, 411 F.3d 118, 125 (3d Cir. 2005)). Persons are "similarly situated" for equal protection purposes when they are alike "in all relevant aspects." *Id.* (quoting *Nordlinger v. Hahn*, 505 U.S. 1, 10 (1992)). Plaintiffs point to one similarly situated business, Cellurale Garden Center. They note that the Garden Center also abuts the property of the Kriss family, and "was not subjected to arbitrary citations and complaints." However, Plaintiffs provide no further details that would indicate that the Garden Center is a "similarly situated" entity. Without more specific examples of how the Garden Center is similarly

4

situated for this analysis, we cannot say that the Garden Center and Plaintiffs are alike "in all relevant aspects." *Id.* Thus, Plaintiffs fail to sufficiently meet the first part of a "class of one" claim.

Plaintiffs also failed to allege that they were subjected to different treatment without a rational basis. Standing alone, "general accusations and the invocation of the Equal Protection Clause are not enough" to allege a class of one claim. *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008). An equal protection claim is difficult to plead if Plaintiffs "cannot assert that [] differences in treatment stem from racial or other invidious forms of discrimination." *Eichenlaub*, 385 F.3d at 286. In their complaint, Plaintiffs allege that the Krisses "harbor animosity towards the Plaintiffs," and allege that this animosity led to efforts to deprive Plaintiffs of their property rights. However, Plaintiffs offer no facts connecting this animosity to the zoning enforcement actions.

Because Plaintiffs failed to plead the elements of a "class of one" equal protection claim, we will affirm the District Court's dismissal of that claim.

**B.**

"To establish a substantive due process claim," Plaintiffs must show that they have a property interest "protected by the substantive due process clause[,] and the government's deprivation of that protected interest shocks the conscience." *Chainey v. Street*, 523 F.3d 200, 219 (3d Cir. 2008).

A property interest is constitutionally protected if it is considered "fundamental" under the United States Constitution. *Nicholas v. Pennsylvania State Univ.*, 227 F.3d 133, 140 (3d Cir. 2000). Substantive due process review of property issues is generally limited

5

"to cases involving real property ownership." *Id.* at 141. Plaintiffs allege that the zoning actions of the County have resulted in a loss of business, which has deprived Plaintiffs of "owning and using real property." However, a substantive due process right to conduct business without zoning interference extends beyond our precedent. Our Court is "reluctant to extend substantive due process protection to other, less fundamental property interests." *Id.*; *see also Wrench Transportation Sys., Inc. v. Bradley*, 340 F. App'x 812, 815 (3d Cir. 2009) (declining to extend substantive due process protection to the right to "engage in business").

Even assuming *arguendo* that Plaintiffs' property interest is protected under the Fourteenth Amendment, the official conduct at issue does not "shock the conscience." Only official conduct by a zoning official that "shocks the conscience" is a violation of substantive due process. *Eichenlaub*, 385 F.3d at 285 (quoting *United Artists Theatre Circuit, Inc. v. Twp. of Warrington, PA*, 316 F.3d 392, 399 (3d Cir. 2003)). The "shocks the conscience" standard encompasses "only the most egregious official conduct." *United Artists*, 316 F.3d at 400 (quoting *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998)). This test is not precise, though it is intended to limit the involvement of federal courts in zoning disputes. *Id.*; *see also Lewis*, 523 U.S. at 847.

Plaintiffs do not allege any conduct that shocks the conscience. Conduct "at issue in a normal zoning dispute," such as an allegedly unnecessary zoning enforcement action, does not generally shock the conscience. *Eichenlaub*, 385 F.3d at 286. An "allegation of corruption or self-dealing" might strengthen a substantive due process claim. *Eichenlaub*, 385 F.3d at 286. However, Plaintiffs do not provide anything more than conclusory

6

statements to connect their zoning issues to the relationship between Zimmerlink and the Krisses.

Because Plaintiffs failed to show that Defendants' actions "shock the conscience," we will affirm the District Court's dismissal of the substantive due process claim.

**C.**

Plaintiffs also allege a conspiracy claim under § 1983 against Commissioner Zimmerlink and the Krisses. In order to plead a § 1983 claim, Plaintiffs must allege "a deprivation of a federally protected right . . . by one acting under color of state law." *Lake v. Arnold*, 112 F.3d 682, 689 (3d Cir. 1997), *as amended* (May 15, 1997). But, as explained above, Plaintiffs fail to allege a deprivation of a federally protected right. A § 1983 claim cannot proceed without a deprivation of a federal right, and we will therefore affirm the District Court's dismissal of that claim.

**D.**

We lastly turn to the District Court's denial of leave to file a second amended complaint. We review a District Court's denial of leave to amend for abuse of discretion, and review *de novo* its determination that amendment would be futile. *U.S. ex rel. Schumann v. Astrazeneca Pharm. L.P.*, 769 F.3d 837, 849 (3d Cir. 2014) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997)).

A motion for leave to amend can be denied if there is bad faith or a dilatory motive behind the amendment, there is undue prejudice to the opposing party by granting the motion, or if amendment is futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Plaintiffs' new amendments only address the flaws to their equal protection "class of

7

one" claim. As noted earlier, an equal protection claim *must* show that Defendants treated Plaintiffs differently from "others similarly situated," in addition to showing that this differing treatment was intentional and had no rational basis. *Kutztown*, 455 F.3d at 239.

Review of Plaintiffs' second amended complaint, which is attached to the motion for leave to amend, reveals that Plaintiffs' amendment does little to correct earlier flaws in their equal protection claim. While Plaintiffs include information about a second similarly situated business, which is a landscaping business owned by family members of Plaintiffs, the second amended complaint again fails to demonstrate that the other businesses were similarly situated. As the District Court rightly noted, Plaintiffs failed to plead that the landscaping business and the Garden Center "were subject to the same type of zoning [as Plaintiffs]," were engaged in "similar types of business," or had anything in common with Plaintiffs "other than being owned by the . . . [Cellulare] family." App. 6, 167.

Because Plaintiffs' second amended complaint was a futile attempt to correct issues with their first amended complaint, we will affirm the District Court's denial of leave to amend.

### III.

For the foregoing reasons, we will affirm the judgment of the District Court.